**Jimmy Renay THOMAS, Petitioner— Appellant,**

v.

**A. LAMARQUE, Warden, Respondent— Appellee.**

No. 04–16134.

D.C. No. CV–02–01153–FCD/GGH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2005.

Decided April 27, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

John Ward, Ward and Capriola, Sebastopol, CA, for Petitioner–Appellant.

Brian Means, Agca—Office of the California Attorney General (SAC) Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before HUG, FERGUSON, and RYMER, Circuit Judges.

MEMORANDUM *

Jimmy Renay Thomas, a California state prisoner, appeals from the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his convictions for first degree burglary, second degree burglary, and the unlawful taking of a vehicle. We affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

It was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent for the California Court of Appeal to conclude that a rational trier of fact could have found Thomas guilty of the burglaries beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Thomas was found in possession of property stolen in both burglaries shortly after the burglaries occurred. This was corroborated by evidence showing that he was seen at both burglary locations around the time that each occurred. *See People v. Mendoza,* 24 Cal.4th 130, 176, 99 Cal.Rptr.2d 485, 6 P.3d 150 (2000) (holding that when a defendant is found in possession of recently stolen property "the corroborating evidence ... tending to show his guilt need only be slight to sustain the burglary convictions").

Nor did the state court unreasonably apply Supreme Court law in holding that the joinder of the burglary and unlawful taking of a vehicle counts did not offend due process because it was not prejudicial. *See* 28 U.S.C. § 2254(d)(1); *Woodford v. Visciotti,* 537 U.S. 19, 25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002); *United States v. Lane,* 474 U.S. 438, 446 n. 8, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986). Although there was little cross-admissibility of evidence, the jury was directed to consider each count separately, and the evidence of each crime was straightforward and distinct. There was scant danger of "spillover" to the burglary charges because the evidence in support of those charges was strong.

Finally, the state court's decision affirming exclusion of evidence of Kimbrough's prior conviction was neither contrary to, nor an unreasonable application of, clearly established federal law. It was a "reasonable restriction[ ]" of Thomas's "right to present relevant evidence," *United States v. Scheffer,* 523 U.S. 303, 308, 118

S.Ct. 1261, 140 L.Ed.2d 413 (1998), because the proffered evidence was collateral and lacking in probative value.

AFFIRMED.